UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| v. | NO. 15-187 |
| WESLEY YOUNGER | SECTION "F" |

ORDER AND REASONS

Before the Court is the defendant Wesley Younger's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). For the reasons that follow, the motion is DENIED.

I.

Where compassionate release would otherwise be statutorily justified, 18 U.S.C. § 3582(c)(1)(A) enables courts to "reduce [a defendant's] term of imprisonment"

> upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such request by the warden of the defendant's facility, whichever is earlier.[1]

---

[1] As the Fifth Circuit has observed, this provision imposes a "mandatory claim-processing rule" that a "court *must* enforce" when "properly raised" by the Government. See United States v. Franco, 973 F.3d 465, 468 (5th Cir. 2020) (quoting Pierre-Paul v. Barr, 930 F.3d 684, 692 (5th Cir. 2019)).

1

Here, the Director of the Bureau of Prisons has not brought this motion on Younger's behalf. As such, the Court may only grant the motion if - among other reasons - Younger has complied with the statute's administrative exhaustion provisions, which require him to urge the Bureau of Prisons to bring a motion for compassionate release on his behalf before bringing his own motion.

Specifically, as the Fifth Circuit confirmed in Franco, § 3582(c)(1)(A) authorizes courts to assess the merits of a compassionate release motion brought on a defendant's own volition only "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to *bring a motion on the defendant's behalf* or the lapse of 30 days from the receipt of *such request* by the warden of the defendant's facility." Id. (emphasis added).

Neither exhaustion scenario is applicable here. Indeed, the only contacts with the Bureau of Prisons Younger referenced in his motion were a September 5, 2020 petition for "early release to home confinement," and a subsequent request for an explanation of the Bureau's reasons for denying that petition.[2] As the Government

---

[2]   Months after filing his motion, on January 15, 2021, Younger brought to the Court's attention two additional administrative requests, dated November 7, 2020 and November 14, 2020. In both requests, Younger sought an "immediate recommendation for emergency immediate release." See Suppl. Mem., Exs. A, B. The record is thus clear that Younger made both such requests *after* filing the motion at hand, and that neither such request urged the

notes, petitioning the Bureau for early release to home confinement is not the same as urging the Bureau to "bring a motion [for compassionate release] on the defendant's behalf," and courts have repeatedly drawn a legally significant distinction between such actions.  See, e.g., United States v. Rodriguez, 2020 WL 5369400, at *2 n.2 (E.D. La. Sept. 8, 2020) (observing that "requests for compassionate release and for home confinement are distinct in kind").  The latter action is what the statute specifically demands - and what Congress has seen fit to require of defendants in Younger's position.

As a result, the record before the Court suggests that Younger has failed to exhaust his administrative remedies, which "presents a glaring roadblock foreclosing compassionate release at this point."  See United States v. Raia, 954 F.3d 594, 597 (5th Cir. 2020).

\*   \*   \*

Accordingly, IT IS ORDERED: that the defendant's motion is DENIED without prejudice to the defendant's ability to re-file after exhausting all applicable administrative remedies.

New Orleans, Louisiana, January 19, 2021

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

Bureau of Prisons to "bring a motion [for compassionate release] on [Younger's] behalf."