UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL MATTER |
| VERSUS | No. 15-187 |
| WESLEY YOUNGER | SECTION: "J"(1) |

### ORDER AND REASONS

Before the Court is a *Motion for Early Termination of Supervised Release* **(Rec. Doc. 238)** filed by Defendant, Wesley Younger, and a response filed by the United States (Rec. Doc. 242). Having considered the motion and legal memoranda, the record, and applicable law, the Court finds that the motion should be **GRANTED**.

### FACTS AND PROCEDURAL BACKGROUND

On August 30, 2017, Younger pled guilty, pursuant to a plea agreement, to conspiracy to distribute 50 grams or more of methamphetamine. On January 23, 2019, Judge Feldman sentenced Younger to 57 months of imprisonment and five years of supervised release. Younger was released on January 18, 2022 and has since served approximately three years and three months of his four-year supervised release term.

In his motion, Younger requests that the Court terminate his supervised release because he completed 80% of his term of supervised release; completed RDAP; has been compliant with supervision; has purchased his first home; obtained employment and has remained employed since released; went back to school for engineering; received his Transportation Workers Identification Card (TWIC);

became a member of the Louisiana Press Association and has had articles published in the local paper; has spoken to students about the "pitfalls of drug use;" and has landed his "dream job" as a client representative for the Louisiana Department of Transportation. (Rec. Doc. 238, at 1–2).

The Government does not oppose the motion and defers to the Court. The Government commends Defendant Younger for his accomplishments and "submits that there are good reasons that Younger's supervised release may be terminated early." (Rec. Doc. 242, at 4).

## **DISCUSSION**

While under supervision, Younger has achieved personal and professional accomplishments indicating that the supervised release is serving its intended purpose. Under 18 U.S.C. § 3583(e), this Court may modify a term of supervised release after the expiration of one year of supervised release, if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice. In making its determination, the Court must consider a variety of factors:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
(2) the need for the sentence imposed to afford adequate deterrence to criminal conduct and to protect the public from further crimes of the defendant;
(3) the need for the sentence imposed to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
(4) the applicable sentencing guidelines and policy statements;
(5) the need to avoid unwarranted sentence disparities among defendants with similar records; and
(6) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). Abiding the terms of supervised release is expected and required for all defendants, and mere compliance with the terms of supervised release does not justify early termination. *United States v. Hayes*, No. 01-311, 2013 WL 5328874, at *1 (E.D. La. Sept. 20, 2013) (Barbier, J.); *United States v. Smith*, No. 10- 53, 2014 WL 68796, at *1 (S.D. Miss. Jan. 8, 2014). Generally, early termination of supervised release under § 3583(e)(1) will be proper "only when the sentencing judge is satisfied that new or unforeseen circumstances warrant it." *United States v. Melvin*, 978 F.3d 49, at 53 (3d Cir. 2020).

Here, Younger had completed 80% of his term, has demonstrated full compliance, and there is no objection from either the United States Probation Officer or the United States Attorney's Office. Younger's criminal records were checked on April 10, 2025, by Younger's Probation Officer, revealing no new arrests or pending criminal matters since Younger started supervision. "All test results submitted by Younger [to his Probation Officer] have yielded negative results since the commencement of his supervision." (Rec. Doc. 242, at 3). Younger is currently employed with GoTech Engineering Inc., located in Baton Rouge, Louisiana as an inspector. *Id.* Lastly, Younger satisfied his cognitive behavioral therapy condition by completing a "Change to Journal" on May 9, 2022. *Id.*

Finally, weighing the § 3553(a) factors, termination of Younger's term of supervised release is justified. Younger's offense—a drug conspiracy distributing 50 grams or more of methamphetamine—is a serious crime, but it is non-violent. Although Younger had been previously convicted of other drug charges, Younger has

3

avoided relapse and drug distribution while under supervision. Given the Court's broad discretion in determining whether to terminate supervised release, the Court finds that Younger's supervised release should be terminated. Accordingly,

## CONCLUSION

**IT IS HEREBY ORDERED** that the *Motion for Early Termination of Supervised Release* **(Rec. Doc. 238)** is **GRANTED**.

**IT IS FURTHER ORDERED** that Younger Wesley's term of supervised release be and is hereby **TERMINATED**.

New Orleans, Louisiana, this 1st day of May, 2025.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE